**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION
NO. 1249 PENSION AND INSURANCE FUNDS,**
by Daniel R. Dafor, as Administrator, *et al.*,

                       **Plaintiffs,**

   vs.                                **5:15-CV-0682
                                            (MAD/ATB)**

**SOUTH BUFFALO ELECTRIC, INC., ARNOLD
J. PAOLINI, ARNOLD A. PAOLINI,**

                       **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**BLITMAN, KING LAW FIRM**                **JENNIFER A. CLARK, ESQ.**
443 North Franklin Street Suite 300
Syracuse, New York 13204
Attorneys for Plaintiffs

**KEENAN LAW CENTRE, P.C.**             **JOHN J. KEENAN, ESQ.**
3123 Cloverbank Road
Hamburg, New York 14075
Attorney for Defendant Arnold J. Paolini

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 4, 2015, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 1249 Insurance Fund ("Insurance Fund"), International Brotherhood of Electrical Workers Local Union No. 1249 Pension Fund ("Pension Fund"), National Electrical Benefit Fund, New York State Lineman's Safety Training Fund ("Safety Training Fund"), Northeastern Joint Apprenticeship and Training Fund (collectively, the "Funds"), and International Brotherhood of Electrical Workers Local Union No. 1249 (the "Union") commenced this action against

Defendants South Buffalo Electric, Inc. ("South Buffalo"), Arnold J. Paolini, and Arnold A. Paolini for failing to timely remit benefit contributions and deductions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 1985. Presently before the Court are Plaintiffs' motions for default judgment as to Defendants South Buffalo and Arnold A. Paolini. *See* Dkt. Nos. 32, 51. As set forth below, the motion against Arnold A. Paolini is granted, and the motion against South Buffalo is denied.

## II. BACKGROUND

Defendant South Buffalo is a New York corporation and Defendants Arnold A. Paolini and Arnold J. Paolini are managers of South Buffalo. *See* Dkt. No. 36 at ¶¶ 13-15. Plaintiffs—who are fiduciaries of the Funds and the business manager of the Union—allege that South Buffalo is party to certain agreements and trusts requiring it to remit contributions and deductions to Plaintiffs, and that South Buffalo has failed to do so. *See id.* at ¶¶ 21-26. Plaintiffs further allege that Arnold A. Paolini and Arnold J. Paolini are liable for South Buffalo's failure to pay contributions and deductions to the Funds and the Union. *See id.* at ¶¶ 52, 82.

The original complaint in this action named only South Buffalo and Arnold J. Paolini as defendants. *See* Dkt. No. 1. After filing the original complaint, Plaintiffs requested an entry of default as to South Buffalo and Arnold J. Paolini, Dkt. No. 7, and that request was granted by the Clerk of the Court, Dkt. No. 9. On September 9, 2016, Plaintiffs filed a motion for default judgment against Arnold J. Paolini. *See* Dkt. No. 25. But on October 10, 2016, Arnold J. Paolini filed an answer, *see* Dkt. No. 30, and after a telephone conference the Court vacated the entry of default as to Arnold J. Paolini and terminated the default judgment filed against him, *see* Dkt. No. 31.

On November 1, 2016, Plaintiffs filed a motion for default judgment against South Buffalo. *See* Dkt. No. 32. Two weeks later, Plaintiffs filed an amended complaint naming South Buffalo, Arnold J. Paolini, and Arnold A. Paolini as Defendants, but Plaintiffs did not withdraw their prior motion for default judgment against South Buffalo. *See* Dkt. No. 36. Arnold J. Paolini answered the amended complaint, *see* Dkt. No. 39, and the Clerk of the Court granted entries of default as to Arnold A. Paolini and South Buffalo, *see* Dkt. No. 48. On February 3, 2017, Plaintiffs filed a motion for default judgment against Arnold A. Paolini but not South Buffalo. *See* Dkt. No. 51.

### III. DISCUSSION

**A.  Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails "to plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.*; *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.*; *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (citation omitted).

**B.     South Buffalo Electric, Inc.**

Plaintiffs filed the motion for default judgment against South Buffalo on November 1, 2016. On November 14, 2016, Plaintiffs filed the amended complaint, which became the operative pleading in this action. *See Shields v. Citrytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect."). Plaintiffs requested a second entry of default against South Buffalo after filing the amended complaint, *see* Dkt. No. 44, but they did not file a second motion for default judgment against South Buffalo, *see* Dkt. No. 54.

Plaintiffs' motion for default judgment against South Buffalo must be denied as moot because it was filed prior to the operative pleading in this action. Several courts have held that "once the amended complaint becomes the operative complaint, a motion for default judgment

4

made on a prior pleading should be denied." *Allstate Ins. Co. v. Yadagarov*, No. 11-CV-6187, 2014 WL 860019, \*8 (E.D.N.Y. Mar. 5, 2014) (collecting cases). Plaintiffs' motion for default judgment against South Buffalo, which was made on the original complaint, became moot when Plaintiffs filed the amended complaint. Although South Buffalo has not answered or otherwise moved in response to the amended complaint, the Court must deny Plaintiffs' prior default motion as moot because "procedural irregularities warrant denial of a motion for default judgment; the court cannot simply overlook a technical error." *Id.* at \*13. Plaintiffs' motion for default judgment against South Buffalo is therefore denied with leave to refile.

**C.     Arnold A. Paolini**

*1. Liability*

In the present matter, the summons and amended complaint were properly served on Arnold A. Paolini on November 28, 2016, and the Clerk of the Court entered default against him on January 3, 2017. *See* Dkt. Nos. 40, 48. Because Arnold A. Paolini has failed to appear in this action, he is deemed to have admitted all well pleaded, relevant factual allegations for the purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, \*2 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that [it] is bound by the terms of the [agreement it] entered into with plaintiff . . . .").

Under ERISA, an employer that is required to make contributions to a multiemployer benefit plan "must make such contributions in accordance with the terms and conditions of such plan or [collectively bargained] agreement." 29 U.S.C. § 1145. Here, Plaintiffs allege that South Buffalo is bound by an agreement requiring it to pay fringe benefit contributions to the Funds for each hour worked by certain employees, and to deduct from certain employees' wages specified

amounts to be paid to the Union. *See* Dkt. No. 36 at ¶¶ 21-24. South Buffalo failed to make the required contributions and deductions and is therefore liable to Plaintiffs for those unpaid contributions and deductions. *See id.* at ¶ 27.

Plaintiffs also claim that Arnold A. Paolini is a fiduciary of South Buffalo, and that he is personally liable for South Buffalo's unpaid contributions to the Pension, Insurance, and Safety Training Funds. *See* Dkt. No. 51-31 at 5. Under ERISA, in order to establish that an individual is personally liable for unpaid contributions as a fiduciary, a plaintiff must show that "(1) the unpaid contributions were plan assets and (2) [the defendant] exercised a level of control over those assets sufficient to make him a fiduciary." *In re Halpin*, 566 F.3d 286, 289 (2d Cir. 2009).

First, "[w]hile unpaid employer contributions are not ordinarily assets of the plan, the parties to an agreement are free to provide otherwise." *Trs. of the Road Carriers Local 707 Welfare Fund v. Goldberg*, No. 08-CV-0884, 2009 WL 3497493, *3 (E.D.N.Y. Oct. 28, 2009). In this case, the trusts and collections policies for the Pension, Insurance, and Safety Training Funds state that withheld contributions constitute plan assets. *See* Dkt. No. 51-3 at ¶ 6; Dkt. No. 51-6 at ¶ 9. South Buffalo is bound by those trusts and collections policies. *See id.* Therefore, the unpaid contributions were plan assets. Second, according to Plaintiffs, Arnold A. Paolini ran South Buffalo's day-to-day operations and determined whether money would be paid to the funds. *See* Dkt. No. 51-31 at 6. Therefore, Plaintiffs have established that Arnold A. Paolini may be held personally liable under ERISA.

### *2. Damages*

"A fiduciary that unlawfully withholds plan assets is 'personally liable to make good to such plan any losses to the plan.'" *Bricklayers & Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Constr.*, 779 F.3d 182, 188 (2d Cir. 2015) (quoting 29

U.S.C. § 1109(a)). In this case, Plaintiffs seek to recover unpaid contributions and deductions, prejudgment interest, attorneys fees, audit fees, and costs from Arnold A. Paolini. *See* Dkt. No. 51-31 at 3.

### *a. Unpaid Contributions*

Plaintiffs claim that Arnold A. Paolini is liable for unpaid contributions owed to the Pension, Insurance, and Safety Training Funds. *See id.* at 8. The total amount consists of $43,840.39 owed to the Insurance Fund, $55,197.74 owed to the Pension Fund, and $5,854.86 owed to the Safety Training Fund for the period of January 1, 2012 through January 31, 2017. *See* Dkt. No. 51-25 at ¶¶ 11-12. After reviewing Plaintiffs' motion and supporting documentation, the Court awards Plaintiffs $104,892.99 in unpaid contributions.

### *b. Interest*

Prejudgment interest may constitute appropriate relief against a fiduciary under 29 U.S.C. § 1109(a). *Moulton Masonry*, 779 F.3d at 190. The decision of whether to grant prejudgment interest is at the discretion of the district court, but the court must "explain and articulate its reasons for any decision regarding prejudgment interest." *Id.* (quoting *Henry v. Champlain Enters., Inc.*, 445 F.3d 610, 622-23 (2d Cir. 2006)). "Prejudgment interest is intended to serve 'as compensation for the use of money withheld' and to put 'the plan in the position it would have occupied but for the breach.'" *Upstate N.Y. Eng'rs Health Fund v. Oneidaview Pile Driving, Inc.*, No. 5:15-CV-512, 2017 WL 1483446, *5 (N.D.N.Y. Apr. 25, 2017) (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992)). "Assessing the appropriate amount of interest requires a comparison of what the plan earned during the time in question and what it would have earned had the money lost due to the breach been available." *Diduck*, 974 F.2d at 286.

Here, Plaintiffs request $4,972.13 in interest on unpaid and untimely paid contributions to compensate for lost investment income from 2009 through 2016. *See* Dkt. No. 51-25 at ¶ 13. After reviewing Plaintiffs' submissions, the Court finds this sum reasonable in order to make Plaintiffs whole for lost investment income.

*c. Unpaid Wage Assessments*

Plaintiffs assert that South Buffalo is liable under New York Lien Law for misallocating trust assets that should have been paid to the Union. *See* Dkt. No. 51-31 at 12. Further, Plaintiffs claim that Arnold A. Paolini "breached his fiduciary duty under the New York Lien Law to the employees and Plaintiff Union and, therefore, is personally liable for the debt." *Id.* Plaintiffs seek $5,0311.54 plus interest for these unpaid working assessments.

"[T]he primary purpose of the Lien Law is to ensure that 'those who have directly expended labor and materials to improve real property [or a public improvement] at the direction of the owner or a general contractor' receive payment for the work actually performed." *Canron Corp. v. City of New York*, 89 N.Y.2d 147, 155 (1996) (quoting *West-Fair Elec. Contrs. v. Aetna Cas. & Sur. Co.*, 87 N.Y.2d 148, 157 (1995)). "To ensure this end, the Lien Law establishes that designated funds received by owners, contractors and subcontractors in connection with improvements of real property are trust assets . . . ." *Aspro Mech. Contracting, Inc. v. Fleet Bank, N.A.*, 805 N.E. 1037, 1039 (N.Y. 2004). Any application of trust assets "for any purpose other than the trust purposes of that trust" creates civil and potentially criminal liability. N.Y. Lien Law § 79-a(1).

Section 77 requires that any action to enforce a trust arising under the New York Lien Law must be brought "in a representative action brought for the benefit of all beneficiaries of the trust." N.Y. Lien Law § 77(1). In this case, however, Plaintiffs did not file the complaint as a

8

class action and therefore cannot recover under the New York Lien Law. *See U.S. Fidelity and Guar. Co. v. Madison Fin. Corp.*, No. 01-CV-3998, 2002 WL 31731020, *3-5 (S.D.N.Y. Dec. 4, 2002). When plaintiffs fail to file New York Lien Law suits as class actions, courts generally grant an opportunity to amend. *See e.g. ADCO Elec. Corp. v. McMahon*, 38 A.D.3d 805, 806-07 (2d Dep't 2007) (2d Dep't 2007) ("[A]n action to enforce a trust pursuant to Lien Law § 77 must be brought as a class action, [but] the failure to do so is not fatal, and may be cured."). However, at this stage in the litigation, the Court finds that amending the complaint to assert it as a class action would not be appropriate. Therefore, Plaintiffs' request for damages under the New York Lien Law is denied.

### *d. Attorneys' Fees and Costs*

In an ERISA action involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 500 U.S. 242, 254 (2010)). Here, Plaintiffs have achieved success on the merits, and the Court finds that an award of attorneys' fees is appropriate.

Plaintiffs request $33,105.50 in attorneys' fees and $2,799.81 in costs. *See* Dkt. No. 51-19 at ¶¶ 14, 17. In support of their request, Plaintiffs have submitted a detailed narrative of legal services showing that 140.33 attorney and paralegal hours were spent on this matter. After reviewing the time records, the Court finds that the amount of time spent by Plaintiffs' attorneys

9

was reasonable. However, the Court finds that Plaintiffs' requested hourly rates of $290-$309 for attorneys and $160-$175 for paralegals are too high.

In determining the reasonableness of attorneys' fees rates, the Second Circuit has held that the court is "to bear in mind all of the case-specific variables that [the courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The relevant factors for the court to consider include the complexity and difficulty of the case, the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 n.2.

In similar actions to recover unpaid contributions under ERISA, this Court has found that rates of $210 per hour for experienced attorneys and $80 per hour for paralegals are appropriate. *See I.B.E.W. Local 910 Welfare, Annuity & Pension Funds v. Grayco Elec., Inc.*, No. 7:12-CV-652, 2013 WL 495638, *4 (N.D.N.Y. Feb. 7, 2013); *Upstate N.Y. Eng'rs Health Fund ex rel. Harrigan v. Ransom*, No. 5:13-CV-1434, 2015 WL 145441, *5 (N.D.N.Y. Jan. 12, 2015). Other courts in the Northern District have awarded fees at the same rates in ERISA cases. *E.g. Upstate N.Y. Eng'rs Health Fund v. FMC Demolition, Inc.*, No. 5:13-CV-1307, 2015 WL 401113, *7 (N.D.N.Y. Jan. 28, 2015). The Court awards those same rates in this case. Therefore, the Court awards Plaintiffs $20,820.40 in attorneys' fees, consisting of $15,498 for attorney work (73.8 hours) and $5,322.40 for paralegal work (66.53 hours). Additionally, the Court has reviewed Plaintiffs' request for $2,799.81 in costs and finds it reasonable.

*e. Audit Fees*

Plaintiffs also seek audit fees of $15,199.25. *See* Dkt. No. 51-31 at 14. "Requests for audit fees are 'generally determined by utilizing the same standards the court applies in awarding attorneys' fees.'" *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (quoting *King v. Unique Rigging Corp.*, No. 01-CV-3797, 2006 WL 3335011, *5 (E.D.N.Y. Oct. 27, 2006)). Accordingly, a party requesting audit fees must provide sufficient information to allow a court to determine the reasonableness of the fees requested. Several courts in this circuit have denied audit fees in ERISA actions where the plaintiffs have failed to provide detailed records of the work that was performed by auditors. *See Oneidaview Pile Driving*, 2017 WL 1483446 at *4 (denying audit fees where the plaintiffs provided an invoice from their auditor stating the number of hours worked without specifying what work was performed); *Eng'rs Joint Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 36 (N.D.N.Y. 2016) (same); *Dahill Moving & Storage Co.*, 545 F. Supp. 2d at 269 (same).

In this case, Plaintiffs request $15,199.25 in audit fees. *See* Dkt. No. 51-31 at 14. To support that request, Plaintiffs provide an affidavit from their auditor and a series of invoices from his auditing firm. *See* Dkt. No. 51-18. But the invoices list only the date, the number of hours worked, and the title "South Buffalo Electric, Inc."; they say nothing about the specifics of the work that was performed. *See id.* Therefore, the Court is not able to determine whether the audit fees Plaintiffs request are reasonable, and Plaintiffs' request for audit fees is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment as to South Buffalo Electric, Co. (Dkt. No. 32) is **DENIED with leave to refile**; and the Court further

**ORDERS** that Plaintiffs' motion for default judgment as to Arnold A. Paolini (Dkt. No. 51) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the amount of $133,485.33 against Arnold A. Paolini, consisting of (1) $104,892.99 in unpaid contributions, (2) $4,972.13 in interest on unpaid and untimely paid contributions, (3) $20,820.40 in attorneys fees, and (4) $2,799.81 in costs; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge