**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INTERNATIONAL BROTHERHOOD OF**
**ELECTRICAL WORKERS LOCAL UNION**
**NO. 1249 PENSION AND INSURANCE FUNDS,**
**by Daniel R. Dafor, as Administrator,** *et al.***,**

                        **Plaintiffs,**

  vs.                                       **5:15-CV-0682**
                                                  **(MAD/ATB)**

**SOUTH BUFFALO ELECTRIC, INC.,**

                        **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**BLITMAN, KING LAW FIRM**          **JENNIFER A. CLARK, ESQ.**
443 North Franklin Street Suite 300
Syracuse, New York 13204
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

On June 4, 2015, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 1249 Insurance Fund, International Brotherhood of Electrical Workers Local Union No. 1249 Pension Fund, National Electrical Benefit Fund, New York State Lineman's Safety Training Fund, Northeastern Joint Apprenticeship and Training Fund (collectively, the "Funds"), and International Brotherhood of Electrical Workers Local Union No. 1249 (the "Union") commenced this action against Defendants South Buffalo Electric, Inc. ("South Buffalo"), Arnold J. Paolini, and Arnold A. Paolini for failing to timely remit benefit contributions and deductions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the

Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 1985.[1] Presently before the Court is Plaintiffs' motions for default judgment as to Defendant South Buffalo. *See* Dkt. No. 63. For the following reasons, the motion is granted.

## II. BACKGROUND

The Court presumes the parties' familiarity with the facts in this case and recites only those facts necessary to the resolution of the pending motion.[2] Defendant South Buffalo is a New York corporation. *See* Dkt. No. 36 at ¶ 13. Plaintiffs—who are fiduciaries of the Funds and the business manager of the Union—allege that South Buffalo is party to certain agreements and trusts requiring it to remit contributions and deductions to Plaintiffs, and that South Buffalo has failed to do so. *See id.* at ¶¶ 21-26. On November 1, 2016, Plaintiffs filed a motion for default judgment against South Buffalo. *See* Dkt. No. 32. In its June 8, 2017 Memorandum-Decision and Order, the Court denied Plaintiff's default motion as to South Buffalo because the motion was filed before the amended complaint, which is the operative pleading in this action. *See* Dkt. No. 56 at 4-5. On August 25, 2017, Plaintiffs filed a second motion for default judgement against South Buffalo, and that motion is presently before the Court. *See* Dkt. No. 63.[3]

## III. DISCUSSION

**A.    Standard of Review**

---

[1] Defendants Arnold J. Paolini, and Arnold A. Paolini have since been terminated, and South Buffalo is the only remaining Defendant in this case.

[2] For a fuller statement of the background in this case, see the Court's June 8, 2017 Memorandum-Decision and Order. *See* Dkt. No. 56.

[3] In the default motion, Plaintiffs requested two different forms of injunctive relief. First, Plaintiffs asked the Court to compel South Buffalo to produce its books and records for Plaintiffs' review and audit. *See* Dkt. No. 63-3 at 16-20. Second, Plaintiffs sought an order requiring South Buffalo to comply with its contractual obligations. *See id.* at 20-23. In a February 13, 2018 letter to the Court, Plaintiffs withdrew their request for injunctive relief. *See* Dkt. No. 68.

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails "to plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.*; *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.*; *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the

3

court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (citation omitted).

**B.     Default Motion**

*1. Liability*

In the present matter, the summons and amended complaint were properly served on South Buffalo on November 15, 2016, and the Clerk of the Court entered default against South Buffalo on July 15, 2015. *See* Dkt. Nos. 9, 63-24. Because South Buffalo has failed to appear in this action, it is deemed to have admitted all well pleaded, relevant factual allegations for the purposes of establishing liability. *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) ("By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that [it] is bound by the terms of the [agreement it] entered into with plaintiff . . . .").

Under ERISA, an employer that is required to make contributions to a multiemployer benefit plan "must make such contributions in accordance with the terms and conditions of such plan or [collectively bargained] agreement." 29 U.S.C. § 1145. Here, Plaintiffs allege that South Buffalo is bound by an agreement requiring it to pay fringe benefit contributions to the Funds for each hour worked by certain employees, and to deduct from certain employees' wages specified amounts to be paid to the Union. *See* Dkt. No. 36 at ¶¶ 21-24. South Buffalo failed to make the required contributions and deductions and is therefore liable to Plaintiffs for those unpaid contributions and deductions. *See id.* at ¶ 27. Additionally, ERISA provides for statutory damages as follows:

> (A) the unpaid contributions
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of —
>     (i) interest on the unpaid contributions, or

                (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate

Here, Plaintiffs request a total of $276,034.31 in damages against South Buffalo, consisting of unpaid contributions and deductions, interest, liquidated damages, audit fees, and attorneys' fees and costs.

### 2. Damages

#### a. Contributions and Deductions

Plaintiffs claim that audits and remittance reports from 2016 and 2017 show that South Buffalo owed $329,355.92 in unpaid contributions and deductions. *See* Dkt. No. 63-28 at 6. South Buffalo has since untimely paid $232,876.15 in partial satisfaction of the audits and remittance reports, and South Buffalo still owes $97,720.12 in contributions and deductions for the period from January 1, 2009 through July 2017. *See id.* After reviewing Plaintiffs' motion and supporting documentation, the Court awards Plaintiffs $97,720.12 in unpaid contributions and deductions.

#### b. Interest

The decision of whether to grant prejudgment interest is at the discretion of the district court, but the court must "explain and articulate its reasons for any decision regarding prejudgment interest." *Id.* (quoting *Henry v. Champlain Enters., Inc.*, 445 F.3d 610, 622-23 (2d Cir. 2006)). "Prejudgment interest is intended to serve 'as compensation for the use of money withheld' and to put 'the plan in the position it would have occupied but for the breach.'" *Upstate N.Y. Eng'rs Health Fund v. Oneidaview Pile Driving, Inc.*, No. 15-CV-512, 2017 WL 1483446,

5

\*5 (N.D.N.Y. Apr. 25, 2017) (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992)). "Assessing the appropriate amount of interest requires a comparison of what the plan earned during the time in question and what it would have earned had the money lost due to the breach been available." *Diduck*, 974 F.2d at 286.

Here, Plaintiffs request $50,006.34 in interest on unpaid and untimely paid contributions to compensate for lost investment income from 2009 through 2017. *See* Dkt. No. 63-28 at 6. After reviewing Plaintiffs' submissions, the Court finds this sum reasonable in order to make Plaintiffs whole for lost investment income.

### c. Liquidated Damages

As the Court notes above, 29 U.S.C. § 1331(g)(2)(C) provides for liquidated damages in an amount equal to the greater of the interest on unpaid contributions or twenty percent of the unpaid contributions. In this case, Plaintiffs seek $59,742.53 in liquidated damages against South Buffalo. *See* Dkt. No. 63-28 at 6. After reviewing Plaintiffs' motion and supporting documentation, the Court awards $59,742.53 in liquidated damages.

### d. Audit Fees

"Requests for audit fees are 'generally determined by utilizing the same standards the court applies in awarding attorneys' fees.'" *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (quoting *King v. Unique Rigging Corp.*, No. 01-CV-3797, 2006 WL 3335011, \*5 (E.D.N.Y. Oct. 27, 2006)). Accordingly, a party requesting audit fees must provide sufficient information to allow a court to determine the reasonableness of the fees requested. Several courts in this circuit have denied audit fees in ERISA actions where the plaintiffs have failed to provide detailed records of the work that was performed by auditors. *See Oneidaview Pile Driving*, 2017 WL 1483446 at \*4 (denying audit

6

fees where the plaintiffs provided an invoice from their auditor stating the number of hours worked without specifying what work was performed); *Eng'rs Joint Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 36 (N.D.N.Y. 2016) (same); *Dahill Moving & Storage Co.*, 545 F. Supp. 2d at 269 (same).

In this case, Plaintiffs request $15,531.19 in audit fees. *See* Dkt. No. 63-28 at 6. To support that request, Plaintiffs provide an affidavit from their auditor and a series of invoices from his auditing firm. *See* Dkt. No. 63-21. But the invoices list only the date, the number of hours worked, and the title "South Buffalo Electric, Inc."; they say nothing about the specifics of the work that was performed. *See id.* Therefore, the Court is not able to determine whether the audit fees that Plaintiffs request are reasonable, and Plaintiffs' request for audit fees is denied.

### *e. Attorneys' Fees and Costs*

In an ERISA action involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 500 U.S. 242, 254 (2010)). Here, Plaintiffs have achieved success on the merits, and the Court finds that an award of attorneys' fees is appropriate.

Plaintiffs request $47,971.60 in attorneys' fees and $5,062.53 in costs through August 24, 2017. *See* Dkt. No. 63-28 at 6. In support of their request, Plaintiffs have submitted a detailed narrative of legal services showing that 112.2 attorney hours and 84.18 paralegal hours were spent on this matter. After reviewing the time records, the Court finds that the amount of time

7

spent by Plaintiffs' attorneys was reasonable. However, the Court finds that Plaintiffs' requested hourly rates of $291-$309 for attorneys and $160-$170 for paralegals are too high.

In determining the reasonableness of attorneys' fees rates, the Second Circuit has held that a court is "to bear in mind all of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The relevant factors for a court to consider include the complexity and difficulty of the case, the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 n.2.

Over the past few years, courts in this district have regularly awarded attorneys' fees at a rate of of $210 for experienced attorneys and $80 for paralegals in ERISA cases. *See Bricklayers & Allied Craftworkers Local 2 v. Ne. Specialty Sys., Inc.*, No. 16-CV-610, 2017 WL 3731925, \*4 (N.D.N.Y. Aug. 30, 2017); *Upstate N.Y. Eng'rs Health Fund v. S. Buffalo Elec., Inc.*, No. 15-CV-903, 2017 WL 1192178, \*4 (N.D.N.Y. Mar. 29, 2017); *Upstate N.Y. Eng'rs Health Fund v. FMC Demolition, Inc.*, No. 13-CV-1307, 2015 WL 401113, \*7 (N.D.N.Y. Jan. 28, 2015); *Upstate N.Y. Eng'rs Health Fund ex rel. Harrigan v. Ransom*, No. 13-CV-1434, 2015 WL 145441, \*5 (N.D.N.Y. Jan. 12, 2015) (D'Agostino, J.); *Cent. N.Y. Laborers' Health & Welfare Fund ex rel. Moro v. Taylor*, No. 11-CV-688, 2012 WL 3201950, \*3 (N.D.N.Y. Aug. 3, 2012); *Upstate N.Y. Carpenters Pension Fund v. The MBE Grp., Inc.*, No. 08-CV-129, 2011 WL 838849, \*3

(N.D.N.Y. Mar. 4, 2011).[4]  However, these rates appear to have been in use for over a decade, *see Eng'rs Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape*, No. 06-CV-1539, 2008 WL 2385908, *4 (N.D.N.Y. June 9, 2008), and are due to be raised.

The Court finds that rates of $240 per hour for an experienced attorney and $95 per hour for paralegals are appropriate in this case.  Therefore, the Court awards Plaintiffs $34,925.10 in attorneys' fees, consisting of $26,928 for attorney work (112.2 hours) and $7,997.10 for paralegal work (84.18 hours).  Additionally, the Court has reviewed Plaintiffs' request for $5,062.53 in costs and finds it reasonable.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 63) against South Buffalo Electric, Co. is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the amount of $247,456.62 against South Buffalo Electric, Inc., consisting of (1) $97,720.12 in unpaid contributions and deductions, (2) $50,006.34 in interest, (3) $59,742.53 in liquidated damages, (4) $34,925.10 in attorneys' fees and (5) $5,062.53 in costs; and the Court further

---

[4] While these appear to be the most common rates, some courts in this district have awarded fees at significantly higher rates in ERISA cases. *See Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, No. 14-CV-1403, 2017 WL 32679222, *3 (N.D.N.Y. July 31, 2017) (awarding fees at a rate of $245-$265 per hour for attorneys and $90 per hour for paralegals); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 113 F. Supp. 3d 601, 609-10 (N.D.N.Y. 2015) (awarding fees at a rate of $279 per hour for attorneys and $152 per hour for paralegals); *UFCW Local One Pension Fund v. Anami Foods, LLC*, No. 12-CV-632, 2013 WL 5236553, *4-5 (N.D.N.Y. Sept. 17, 2013) (awarding fees at a rate of $175-$250 for attorneys and $100 for paralegals).

**ORDERS** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 8, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge